IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SEDRICK D. MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01094-JDB-jay |
| ) | |
| WARDEN DEMETRIC GODFREY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

ORDER CONSTRUING LETTER AS MOTION FOR INJUNCTIVE RELIEF
AND
DENYING MOTION

Before the Court is a letter from the Petitioner, Sedrick D. Mitchell, dated September 30, 2025, (Docket Entry ("D.E.") 43), in which he states that his prison has been on "institutional lockdown" since September 29, 2025, (*id*. at PageID 2411).  He seeks an order from this Court "directing the warden of this facility . . . to take [him] to the library" so that he can "file all the paperwork [he] need[s] to file regarding the denial of [his habeas petition]." (*Id*.) Petitioner also asks the Court to "allow [him] to file this stuff . . . after we come off of lockdown." (*Id*.) The Court construes the letter as a motion for injunctive relief.

On September 25, 2025, the Court granted Respondent's motion to dismiss and dismissed Petitioner's amended 28 U.S.C. § 2254 petition because the claims raised were either inadequately plead or procedurally barred.  (D.E. 40.)  Because jurists of reason would not debate the Court's resolution of Petitioner's claims, the Court denied a certificate of appealability.  The Court certified that any appeal would not be taken in good faith and denied leave to appeal in forma pauperis ("IFP") on appeal.  Mitchell was advised that, if he filed a notice of appeal, he must pay the full

filing fee or file a motion to proceed IFP in the United States Court of Appeals for the Sixth Circuit "within thirty days of the date of entry of this order." (*Id*. at PageID 2395 n.8.)

Absent extraordinary and urgently compelling reasons, district courts do not intervene in the day-to-day operations of state facilities. *See Glover v. Johnson*, 855 F.2d 277, 287 (6th Cir. 1988) (a federal court should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"). The operation of correctional facilities "is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979).

Petitioner has not alleged extraordinary and urgently compelling reasons for the Court to award injunctive relief. The motion is therefore DENIED. To the extent that Mitchell needs additional time to file a notice of appeal, he must file a motion requesting an extension. *See* Fed. R. App. P. 4(a)(5)(A).

IT IS SO ORDERED this 21st day of October 2025.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE